Cunningham, Presiding Judge,
dissenting:
Enough appears in the majority opinion to make it plain that in the judgment of the writer of the majority opinion, it is based upon authority, rather than upon reason, for he says, in effect, that on first impression the conclusions therein arrived at do not comport with reason. One’s first impressions are not infrequently his best impressions. It must be conceded that our courts *122 have gone a long way in matters pertaining to the law of landlord and tenant, and in matters pertaining to penalties and liquidated damages, in overthrowing the intention of parties to agreements of this sort, and making, and then enforcing, contracts which the parties themselves had not, as a matter of fact, entered into. But I know of no well-considered case wherein the rule is announced that the interpretation which the parties to a contract have placed upon it, when clearly established,, will not be enforced, where the same is reasonable and does not offend against public policy. There was evidence offered in this case, not alluded to in the majority opinion, which tended strongly to show (indeed, to my mind, conclusively shows) that both parties to the contract of lease in this case fully understood that the $5,000 referred to in the majority opinion was to be treated as liquidated damages and was to be retained by Wilson, and by him used in the remodelling of the building, if it became necessary, because of the violation of the terms of the lease by the Psychic Society, to remodel the same. The trial court admitted this evidence when it was offered, but later struck it out and refused to consider it for any purpose. Therein the trial court, in my judgment, clearly committed reversible error, and for that reason I cannot yield assent to the conclusions reached in the majority opinion.
Decided October 14, A. D. 1913.
Rehearing denied November 11, A. D. 1913.